Good morning and welcome to the Ninth Circuit. We're happy to welcome you here to Phoenix and happy to be sitting here. We are also grateful to have Judge Fischer visiting with us from the Third Circuit. We're grateful for his assistance in getting our caseload done and Judge Hawkins and I are glad to welcome all of you here. We will go ahead. We've got four cases set for argument, so just pay attention to your time. Let us know if you want to reserve time for rebuttal and then watch it and try and conclude as time's winding down. We'll go ahead and hear our first case set for argument, which is Castro v. United States, case number 24-2702. And we'll hear from Ms. Elm. Before I start, where do we have the time shown? Okay. May it please the Court, may I preserve two minutes? I've had tons of cases with the Honorable Stephen McNamee. I greatly respect him. He supported me to become the defender in Florida. When my son was killed, he stood in line 25 minutes to hug me. This has been a painful appeal. However, the record shows that the Court missed a number of things the law requires, and that is clear law. The defense laid it out in his objections to the PSR, which was the three steps required by Dominguez-Gonzalez and the five factors from the guidelines. He also cited the on-point examples from the guidelines, and I pointed out in my 28-J letter that the Court still strongly reaffirms the need for following this procedure. Okay. But counsel, I guess before we get there, don't we have the appellate waiver issue? Your client signed an appellate waiver. There's no argument he didn't know. So what is your basis for getting past that? I mean, we see these arguments all the time where appellate waivers aren't really appellate waivers, as it turns out, but maybe they should be. They shouldn't be in this case for four good reasons. Let me just start by saying the Court did not enforce an appellate waiver in either Quintero-Leyva or the 2018 Diaz case, which were also on point to this issue. But there are four good reasons not to dismiss. Waiver of the manner the sentence is determined contemplates such things as the 3553A factors or how much credit to give for cooperation. If the Court had gone through the proper analysis here, we would not have an appellate leg to stand on. Second... But wait, wait, I don't understand. How does that get you past the appellate waiver? We don't do appellate waivers for any error that the District Court made. Not for any error, but this was, second, a significant error. If any manner in which a court procedurally determines a sentence is okay. My example of a Ouija board, or this is my no-roll Friday, would completely evade review, and that could not be. I had to assume that you passed the notion, the idea, or the concept of a plea waiver. Your client signed a plea agreement in which he agreed to plead guilty, correct? Yes, Your Honor. And that agreement set a sentencing range of 57 to 71 months, correct? Correct, with an allowance for the defendant to raise roll issues. And the PSR recommended 57 months, right? Yes. If Judge McNamee had said absolutely nothing at sentencing, but imposed the sentence he did, 46 months, below the low end of the plea agreement, would we even be here? We would still be here, Your Honor. Why? We would still be here because the procedure used was wrong, and he should have gotten a greater roll reduction, at least a minor roll. He did get some roll reduction, didn't he?  He got a reduction. He got a variance, but no roll adjustment. And that's why we are here. So even assuming that the district court judge was wrong on his calculation of the guidelines, how does that get you past the plea agreement unless you can establish that his error was so deficient that it constituted a violation of due process? Your Honor, let me move to the fourth point, which is decisively one of the factors the judge considered here was citizenship nationality, which is a constitutionally impermissible factor and a due process mandatory reversal factor. That is particular to this case, but because that was one of the things that the judge said he ought to be punished for, we have to go back. However, we also have another due process concern, which is notice. There was no notice given that he was going to face a illegal, a contrary to law procedure in sentencing. The notice, he was, no party would have expected that. And so that is a notice issue, which would be a due process issue. And both of those due process things put us in here today. So that any mistake, any mistake in the calculation of the guidelines would be contrary to law and would be a constitutional violation. Is that what you're saying? No, Your Honor. How you calculate the guidelines and what you do with it is one thing. But if you did not find most of the guidelines don't have a mandatory procedure that is written out in case law and in the guidelines, most of them don't. This does. And by violating this here, we're in a position where he needs to go back and have the correct procedure put in place. That's all we're asking for. To see if the court, if it used the correct procedure, it did not even identify all the participants. It was looking at him and the two people in his car. It did not identify the person who organized it, the go-between who took him there, the person who was going ahead, who was directing everything, and the person on court side. We have case law that says you don't need to walk through every participant. We assume that the district court knows this stuff. So what, I mean, it's your burden to come forward and say, not just, well, he didn't mention all these, but that he disregarded them. What's your evidence that he disregarded or was not aware of those other factors? Your Honor, there is, the case law is very clear. He doesn't have to say, I have considered, expressly say it. I know that. But a reading of what he was doing and what he was concluding shows that he was not considering those things. When you read all of that, he was rejecting them. He did not mention the recipient in court side. He did not bring anything up about it. And what he was saying he based the role finding on was basically just responding to what other people said. He said he based the minor role finding, this is in my opening brief at 11, on the court denied any minor role adjustment, rejecting it because, quote, he did too many things and was aware of the things he was doing and the horrible effects of fentanyl, not a permissible thing. That he committed the crime to live the good life of making easy money. All of that, what, $550? He's going to have a good life. And he's willing to further the cartel's aims in a way that's more deceptive than most. And it was, he drove normally. That's not deceptive. I think what we have here and what is very compelling, although I don't have enough evidence to raise it as a standalone issue, is that he based some of the sentencing on some of the wrong facts. And it's that confusion. If nothing else, we have to return it for resentencing to make clear. Because he is talking about things that don't seem to apply here. And those findings don't suggest that he was comparing the roles at all. Okay. Do you want to reserve? If I could reserve the rest. Thank you. May it please the court. Parker Stanley on behalf of the United States. The defendant's appeal fails to establish a due process violation which would be sufficient grounds to overcome the knowingly and voluntarily entered appellate waiver that was part of the plea agreement. Prior to even getting into the record or any factual analysis in Atherton, the court indicated that there must first be an allegation of some kind of due process violation sufficient to even begin that review of the record. In Atherton, the court clarified that it could be the procedure or the substance that could commit or wherein the due process violation occurs that would have to be sufficient enough to overcome that appellate waiver. In Atherton, the court pointed to several examples of the kind of due process violations they were considering, such as a judge's anti-immigration bias, discriminatory animus, unconstitutionally vague provisions in the sentencing guidelines. A condition of supervision being unconstitutionally vague, as well as an Eighth Amendment challenge. Counsel, can I just ask you, so if we're going to get into the appellate waiver issue, which I guess we have to decide initially, what role do the merits play in that? We just look at, we're not deciding whether there's a claim, but we're deciding whether the claim that's brought even would fit within any of the exceptions that Atherton would create. That's the, my understanding of Atherton, Your Honor, is that even prior to that factual analysis, there's a look at whether the claim on its face is even sufficient to establish that due process violation. Which here, the allegation is essentially that the judge did not follow the proper process in applying the five factors or the three steps in applying or in determining someone's relative culpability and whether that role reduction is appropriate. And that's one that in, for example, United States versus King or Fenga, the court has held that that waiver does apply to role enhancements. And so in that case, this seems to be in line with that, where it's clear that whether the judge grants that or not is part of the appellate waiver, is sufficiently covered. And therefore, the case law does not support the argument that that would rise to a due process violation sufficient to overcome that appellate waiver. So even prior to any kind of factual analysis, the due process violation simply is not established even in the allegations in the defense's appellate brief. Do we have many cases after Atherton interpreting that applying due process? Atherton is, it's a little vague on its face. So, I mean, I'm somewhat sensitive to the arguments that are being raised here because Atherton seems to open up a door for some of these things, but it doesn't seem to fit within what Atherton contemplated. But do we have other cases that have made that clear? Not yet, Your Honor. I know there are some arguments that are or decisions that are still pending, but it is in this kind of gray area where it's unclear exactly what would constitute a due process violation. And all we have to go on is essentially cases that have said the waiver applies to this and then Atherton, which says due process violations such as, and then it gave a list of those examples, which are far more egregious and constitutionally relevant than what defense has essentially argued. So it is in a rather nebulous position. However, based on the case law we do have, the defense, their argument simply does not rise to the same level as what's being contemplated in Atherton. When we look at what parts of the record, if we're looking at the record, provides us with the assurance that the district court was well aware of the factors for applying the mitigating rule adjustment. In other words, what if the district court just ignored the mitigating rule adjustment or didn't consider it at all? What shows us in the record that the court was familiar with the steps that needed to be taken? And that's an analysis of the record has to start, I believe, with what the court has set forth in United States v. Clench, where we are to assume the district court knows the law and understands their obligation. So in the record, we have, first of all, the PSR, which mentioned the other parties that were involved. It mentioned who the defendant recruited, that someone had recruited the defendant, someone named Chewy, that that was to be taken to X location to be given to someone else. So there was a discussion of those parties as well as the defendant's participation. Additionally, defense had a chance to not only file their memorandum for sentencing, but also to argue in front of the court, as did the United States. And the United States, as the record shows, was even in favor or at least not objecting to a role reduction to minor role. So there was quite a bit before the court to consider those factors. We don't have anywhere where the sentencing judge explicitly said, here's this factor, here's this factor. I'm applying this. This is the average. However, as made clear by, again, both Clench and Diaz, those two cases, that's not required. So if we start at a place that the sentencing judge knows what they're doing, that they have read the record in front of them, that they know the law, there's nothing in the record to overcome that presumption. In order to prevail on their argument, defense would have to start essentially from the other side, where the only thing we can assume is that the judge knows nothing until and unless they demonstrate in the record that they read the PSR or that they've considered those memorandums. Well, since both sides said, or the government had expressed no objection to the minor role exception or adjustment, and the court ignored that also, is that an argument in support of the fact that maybe the court overlooked both role adjustments here? I don't agree with that. The PSR did not recommend a role recommendation, or rather the PSR stated that this person was an average participant. As opposed to a minor participant. Correct, Your Honor. They suggested no reduction in the role in that they were an average participant. And again, the parties had a chance to argue that. So the fact that not only the defense, but in this rare case, the United States as well, were in favor or at least not opposed to that role reduction, and they both argued some facts to that nature, shows that the sentencing judge did not take that lightly or did not come to that conclusion by simply going along with what the United States was recommending, that they were actually considering these factors and simply were not convinced with those arguments based on the record in front of them. Now, defense in their appeal has mentioned what they essentially labeled as 11 factors which the sentencing court took into consideration that were inappropriate. However, the sentencing judge is allowed to consider other factors outside of the five, but most of these, most of the 11 factors mentioned by defense are more appropriately labeled as facts that were considered. For example, the quantity of the drugs, the nature of the drugs, that the defendant knew it was fentanyl, all goes to one of the five factors of the degree to which the defendant understood in the scope and structure. The sentencing judge talked about the fact that the defendant recruited someone to ride along with him. He was going to pay that person, and then that person recruited another person to ride along. And again, while defense has argued that that doesn't show that the defendant is a recruiter and that's an overstatement, these are facts that go to the level of culpability the defendant has in the overall scheme. There was another allegation that the district court just mixed up defendants, and if that were true, would that be a structural claim or a procedural claim that would fit within Atherton or not? If the case were to be that there was sufficient evidence to show the sentencing judge was essentially looking at the wrong file or was considering the wrong person, I do believe the case law supports that that would be, or at least that claim would be a sufficient due process violation to overcome the appellate waiver or supersede that. However, to do that, case law has established that a defendant must establish the challenge information as false or unreliable and demonstrably made the basis for the sentence, and that's United States v. Hill. But that goes back to my initial question on Atherton, because on one level you're saying, well, we just need to look at the type of claims that are being made, but at least as to this one, whether the district court was relying on false information, we actually have to do a little bit more than that. They're claiming that it's false information, but we actually have to dig into the record and say, well, was it or was it not? Because if it was, then it sounds like it might be an Atherton waiver, or the exception to the waiver, and then we have to deal with the merits of it. Is there any difference between the waiver and the merits on that particular claim? I agree. It certainly gets to be in a gray area, and unfortunately I don't have a clear answer about when we can, I apologize, get into the facts to establish whether there was a due process violation. They do seem to be rather commingled, and it gets to be a rather circular argument to establish that due process without looking at the facts of the case. I will say that in this very particular case, defense in their appeal stated that it's not abundantly clear the judge relied on misinformation, so right off the bat by their own admission, there really wasn't a due process violation for that. You're over, but I'll ask one final question. It sounds like if we were under this kind of analysis, we would look claim by claim and say only this particular claim or only these particular facts would have gone to an Atherton exception to the appellate waiver, so we could say the others don't, and then we would have to get into that. It wouldn't get passed an appellate waiver on all issues, I guess is what I'm saying. Yes. It would be claim by claim whether they established that due process violation. Okay. Thank you. We'll give you time for rebuttal. One of Atherton's factors is nationality or citizenship, and the judge made very clear during the roll discussion that the fact that Mr. Castro is an American citizen, he should be sanctioned for that. Right there, we are into Atherton just there, but also I think we're into Atherton because we don't know and can't tell from the record what the judge was relying on when he was mixing all these things up, and that would require remand for clarification. The problem I have with ... I understand why you're making the argument, but if we were to adopt that argument, it would almost obliterate appellate waivers because any defendant can make those arguments almost. We see them all the time where a district court doesn't walk through all the factors, and under your theory, that would immediately get you out of an appellate waiver. The case law says that as long as the record shows the court was considering it, and that close reading of that record, and I pointed it out along the way, shows that he was not, and there is no indication that he was actually considering those factors, and when he was asked, or when he stated, when he came to his conclusion on roll, I read those things that he was relying on, there's only like one that even seems to come within the ambit of the factors that he's relying on that is a legitimate factor, and the fact that we have that reliance on nationality, we're in due process land. Okay. You're over, so thank you very much. Thank you to both counsel for your arguments in the case. The case is now submitted.
judges: HAWKINS, Fisher, NELSON